U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 1 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JESSE RAY BELL, §
　§
　　Plaintiff, §
　§
VS. § NO. 4:19-CV-042-A
　§
BLUE APRON, §
　§
　　Defendant. §

## MEMORANDUM OPINION
and
## ORDER

After having considered the amended complaint filed by plaintiff, Jesse Ray Bell, on January 28, 2019, the court, sua sponte, has concluded that it should be dismissed.

On January 14, 2019, plaintiff initiated this action by the filing of his original complaint. Doc. 1.[1] By order signed January 15, 2019, the court announced its sua sponte conclusion that the complaint failed to state a claim upon which relief may be granted. Doc. 8. Rather than to dismiss the complaint, the court, in the January 15 order, explained to plaintiff the inadequacies of his original complaint,[2] gave him rather specific

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:19-CV-042-A.

[2] Plaintiff alleged in his original complaint that "[t]his case involves a complaint under the family & medical leave act or 2011 US code title 42 chapter 21F." Doc. 1 at 2. The court presumes that plaintiff referred to the statutory language that has been codified as 42 U.S.C. §§ 2000ff - 2000ff-11. However, he did not allege facts that would lead the court to reasonably conclude that he was stating a claim under those statutes upon which relief could be granted.

instructions as to what would be required for an amended complaint to be adequate, and ordered plaintiff to file by February 4, 2019, an amended complaint that complied with the Federal Rules of Civil Procedure and the explanations and instructions contained in said order. Id. The order cautioned that failure to comply therewith might result in the dismissal of this action without further notice. Id. Plaintiff then filed on January 28, 2019, his amended complaint. Doc. 9.

Plaintiff failed to comply with the directive of the January 15 order that plaintiff refer in the style of the action to each person or entity against whom he is making a claim. Doc. 8 at 2. However, in the body of the amended complaint plaintiff refers to "Blue Apron Corporation 'Defendants'" ("Blue Apron"), doc. 9 at 1, ¶ 2, "Joseph Jackueline 'Defendant'" ("Jackueline"), id., ¶ 8, and "The HR Representative Blue Apron Corporation 'Defendant'" ("HR Representative"), id. at 2, ¶ 19. The court is assuming that those are the persons/entities plaintiff intends to sue, and has sued.

In the opening paragraph of the amended complaint, plaintiff indicates that his claims are being brought pursuant to "Chapter

21 of the Texas Labor code, and Title 7 of Civil Rights Act."[3] Id. at 1, ¶ 1. In summary form, plaintiff's somewhat disjointed allegations seem to say that:

He was an employee of Blue Apron the first half of the year 2017, during which time he was seeking medical treatment for an infection in his jaw. Jackueline, apparently an employee of Blue Apron, had knowledge of the severity of plaintiff's physical problems, and instructed plaintiff not to participate in picking up trash, pallets, and other debris from the floor. Plaintiff became concerned that if he followed Jackueline's instructions hazardous and unsafe conditions would exist at Blue Apron, so he finally, for that reason, gave notice of his resignation. Blue Apron accepted his resignation, but he changed his mind and sought to continue his employment with Blue Apron. Within a day of the notice he gave of his resignation, he went into work and talked to HR Representative, asking that his resignation be overturned. His resignation was not overturned, and Blue Apron did not allow him the opportunity to explain what was happening in the workplace and what he was doing to try to stop it from happening. Blue Apron retaliated against him "for bringing up

---

[3]Presumably, plaintiff is referring by his mention of "Title 7 of Civil Rights Act" to 42 U.S.C. §§ 2000e-2 through 2000e-4. He makes no mention in the amended complaint of the "family and medical leave act" he had mentioned in his original complaint, but he alleged in the amended complaint that Blue Apron used genetic information to retaliate against him. Doc. 9 at 1, ¶ 3.

3

concerns about the operation of the automated systems." Id. He alleged that he was "retaliated against dates 3/2017-7/2017 because the plaintiff, alerted Blue Apron 'Defendants' about automation machines, contamination, during the the 'plaintiffs' time at Blue Apron Corporation 'Defendants,'" id., ¶ 2 (errors in original), and later, inconsistently, that Blue Apron "used genetic information to retaliate against" him, id., ¶ 3.

While more verbose than his original complaint, the amended complaint has a similar lack of clarity. However, one thing that is certain is that plaintiff has not alleged facts establishing that he has any cause of action under title VII of the Civil Rights Act, nor has he alleged any facts that, if true, would establish that he has any cause of action under the United States Constitution or any other federal law against any of those the court assumes he intends to sue. Nor has plaintiff alleged any facts that would invoke jurisdiction of this court based on diversity of citizenship. Therefore, the court concludes that, to whatever extent plaintiff might be seeking to assert federal or state law claims in this court, he cannot do so because he has not alleged any facts that would authorize this court to resolve any of those claims.

Thus, the court is dismissing with prejudice any federal law claims plaintiff might be intending to assert against any

defendant. And, the court chooses not to finally resolve whatever state law claims plaintiff has asserted, or might wish to assert, against any of the defendants.[4] Therefore, those claims are being dismissed without prejudice.

For the reasons stated above,

The court ORDERS that all claims and causes of action under federal law that plaintiff has asserted against any of the defendants be, and are hereby, dismissed with prejudice, and that all claims and causes of action plaintiff has asserted under state law against any of the defendants be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to all such dismissals.

SIGNED February 11, 2019.

JOHN McBRYDE
United States District Judge

---

[4] In addition to plaintiff's mention of "Chapter 21 of the Texas Labor code" in the opening paragraph of his amended complaint, he refers in paragraph 31 to "defamation from Blue Apron," and "loss of work and Denial of health care insurance . . . ." Doc. 9 at 1, ¶ 1 & at 3-4, ¶ 31.